

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 13, 1951.

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1374

Re: Group insurance policies
for which the Comptroller
is authorized to make pay-
roll deductions.

Dear Sir:

You have requested an opinion of this office relating to payroll deductions which you are required to make in compliance with the statutory provisions dealing with group life, health, accident, accidental death and dismemberment, and hospital, surgical and/or medical expense insurance for State employees.

The statutory provisions regulating group life insurance for State employees are as follows:

"Sec. 1. No policy of group life insurance shall be delivered in this State unless it conforms to one of the following descriptions:

" . . .

"(3) A policy issued to an independent school district, incorporated city, town or village which has assumed control of the public school system within such municipality, State colleges or universities, any association of State employees, any association of State and County employees, and any department of the State Government," which employer or association shall be deemed the policyholder, to insure the employees of any such independent school district and of the public school system of

---

1/ Emphasis added throughout.

any such municipality, of any such
State colleges and universities, of
any such department of the State
Government, members of any associa-
tion of State employees, and members
of any association of State and
County employees for the benefit of
persons other than the policyholder
subject to the following require-
ments:

"(a)   The employees eligible for
insurance under the policy shall be
all of the employees of the employer
or all of any class or classes there-
of determined by conditions pertain-
ing to their employment.

"(b)   The premium for the policy
shall be paid by the policy holder
wholly from funds contributed by the
insured employees; provided, however,
that any moneys or credits received
by or allowed to the policyholder pur-
suant to any participation agreement
contained in or issued in connection
with the policy shall be applied to
the payment of future premiums and to
the prorata abatement of the insured
employees' contributions therefor; and
provided further, that the employer
may deduct from the employees' salaries
the required contributions for the pre-
miums when authorized in writing by the
respective employees so to do.  Such
policy may be placed in force only if
at least seventy-five (75%) per cent
of the eligible employees, excluding
any as to whom evidence of individual
insurability is not satisfactory to the
insurer, elect to make the required pre-
mium contributions and become insured
thereunder.

"(c)   The policy must cover at
least twenty-five (25) employees at date
of issue.

"(d)   The amounts of insurance un-
der the policy must be based on

some plan precluding individual se-
lection either by the employees or
by the policyholder." Art. 3.50, In-
surance Code (Acts 52nd Leg., R.S.
1951, ch. 491, p. 868).

The provisions relating to group health,
accident, accidental death and dismemberment, and
hospital, surgical, and/or medical expense insur-
ance for State employees are as follows:

"Sec. 1. The State of Texas and
each of its political, governmental
and administrative subdivisions, de-
partments, agencies, association of
public employees, and the governing
boards and authorities of each State
university, college, common and inde-
pendent school districts or of any
other agency or subdivision of the pub-
lic school system of the State of Texas
are authorized to procure contracts in-
suring their respective employees or
any class or classes thereof under a
policy or policies of group health,
accident, accidental death and dismem-
berment, and hospital, surgical, and/or
medical expense insurance. The depend-
ents of any such employees may be in-
sured under group policies which pro-
vide hospital, surgical and/or medical
expense insurance. The employees' con-
tributions to the premiums for such in-
surance issued to the employer or to an
association of public employees as the
policyholder may be deducted by the em-
ployer from the employees' salaries
when authorized in writing by the re-
spective employees so to do.

"Sec. 2. All group insurance con-
tracts effected pursuant hereto shall
conform and be subject to all the pro-
visions of any existing or future laws
concerning group insurance." Art. 3.51,
Insurance Code.

In light of the above statutes you wish to
know how to distinguish among the various policies

issued to State employees so that you will make
only the payroll deductions authorized by statute.

Group life insurance is closely regu-
lated by statute, and a policy is not a "group life
insurance" policy unless issued in strict compli-
ance with the statutory provisions. Board of In-
surance Commissioners v. Great Southern Life Ins.
Co., 230 S.W.2d 803 (Tex. Sup. 1951).

A group life insurance policy for State
employees as such must be issued to the head of a
department, an association of State employees, or
an association of State and County employees. Art.
3.50, Sec. 1, supra. Section 2 of Article 3.50
provides in part:

"No policy of group life insur-
ance shall be issued or delivered in
this State unless and until a copy of
the form thereof has been filed with
the Board of Insurance Commissioners
of the State of Texas and formally
approved by such Board . . ."

Thus, if a group life insurance policy has been is-
sued to a proper association or a department head,
and the same has been filed with the Board of Insur-
ance Commissioners and approved by it, and the em-
ployee has authorized the deduction in writing, you
are required to make the proper payroll deductions.

The cases defining an "association" are al-
most completely in agreement that it may be "a body
of persons acting together, without a charter, but
upon methods and forms used by corporations, for pro-
secution of some common enterprise." See 4 Words
and Phrases (Permanent Ed. 1940) 565. Of course it may
also be a formally chartered organization. Applying
these definitions to State employees, or to State and
County employees, we find they are an "association"
if they are a united group, with by-laws and officers,
and are in the prosecution of a common enterprise.
Such an association of employees is authorized by stat-
ute to be the policyholder for such contracts of group
life insurance.

Section 2 of Article 3.51, supra, requires
that the group health, accident, accidental death and

dismemberment, and hospital, surgical, and/or medical expense insurance "be subject to all the provisions of any existing or future laws concerning group insurance." The only statutes at present dealing with any type of "group insurance" are the group life insurance statutes and Articles 20.01-21 of the Insurance Code, which require nonprofit group hospital service corporations to comply with certain statutory provisions.

It is manifest that nonprofit corporations organized pursuant to Article 20.01, supra, must comply with the provisions of Articles 20.01 to 20.21 when contracting for group hospital service insurance covering State employees. In our opinion, this is the only existing law relating to group insurance which is applicable to any of the types of insurance mentioned in Article 3.51. We do not think that the Legislature intended for the group life insurance provisions in Article 3.50 to be applied to insurance for public employees procured under Article 3.51. It is clear that many of the provisions of Sections 2, 3, and 5 of Article 3.50 setting out the requirements for policies of group life insurance are not appropriate to other types of group insurance policies; and Articles 20.01 to 20.21 do not impose these requirements on policies issued by corporations operating under those statutes. Moreover, the provisions of Section 1 of Article 3.50, specifying the number and percentage of employees which must be insured and other conditions for the issuance of group life insurance policies, are not applicable to other types of group insurance policies issued on behalf of the employees of a private employer. We are of the opinion that the Legislature did not intend to make the acquirement of these group policies more onerous for State employees than it would be for a comparable group of private employees. In our opinion, the purpose of Section 2 of Article 3.51 is to provide that as each of the specific types of insurance is put under statutory regulation, the provisions shall also apply to the same types of policies on public employees.

Section 1 of Article 3.51 authorizes State departments and agencies and associations of public employees to procure the types of group insurance enumerated therein. We think it is within the discretion of each department head to decide whether and with whom

he will contract for insurance covering his employees. When contracts have been made in accordance with this section, either by the head of the department or by an association of public employees, the employer is authorized to deduct the premiums from the employee's salary upon written authorization of the employee. Therefore, when payrolls have been certified to you showing deductions for an authorized group for any of these types of group insurance, you are required to make the proper deductions from the salary warrants. If the contract is with a corporation organized under Article 20.01 et seq. of the Insurance Code, the employer or association must be satisfied that the corporation has the certificate required by Article 20.02(d) before making deductions and authorizing the issuance of warrants to the corporation covering deductions for group hospital service insurance.

## SUMMARY

The Comptroller is authorized by statute (Art. 3.50, Insurance Code) to make payroll deductions for group life insurance premiums of State employees if a policy issued to a department head or an association of public employees has been approved by the Board of Insurance Commissioners.

The Comptroller is authorized by statute (Art. 3.51, Insurance Code) to make payroll deductions for group health, accident, accidental death and dismemberment, and hospital, surgical, and/or medical expense insurance policies of State employees if the policies have been procured by the head of a proper State unit or by an association of public employees.

APPROVED:

C. K. Richards
Trial & Appellate Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

EWT:wb

Yours very truly,

PRICE DANIEL
Attorney General

By E. Wayne Thode
E. Wayne Thode
Assistant